**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Michelle Paynton**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **American Fresh Food LLC**, an Arizona limited liability company, **Hussein H. Baiz and Jane Doe Baiz**, a Married Couple, **Adnan H. Baiz and Jane Doe Baiz II**, a Married Couple, and **Abbas Baiz and Jane Doe Baiz III**, a Married Couple, | |
| Defendants. | |

Plaintiff, Michelle Paynton ("Plaintiff" or "Michelle Paynton"), sues the Defendants American Fresh Food LLC, Hussein H. Baiz and Jane Doe Baiz, Adnan H. Baiz and Jane Doe Baiz II, and Abbas and Jane Doe Baiz III ("Defendants" or "Baiz Fresh Foods") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

-1-

U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant American Fresh Food LLC was a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant American Fresh Food LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant American Fresh Food LLC owned and operated as a franchisee of "Baiz Fresh Foods," a local chain of grocery stores doing business in Maricopa County, Arizona.

10. Under the FLSA, Defendant American Fresh Food LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant American Fresh Food LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Baiz Fresh Foods in relation to

the company's employees, Defendant American Fresh Food LLC is subject to liability under the FLSA.

11. Defendants Hussein H. Baiz and Jane Doe Baiz are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Hussein H. Baiz and Jane Doe Baiz are owners of Baiz Fresh Foods and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Hussein H. Baiz and Jane Doe Baiz are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Hussein H. Baiz and Jane Doe Baiz had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Baiz Fresh Foods in relation to the company's employees, Defendants Hussein H. Baiz and Jane Doe Baiz are subject to individual liability under the FLSA.

13. Defendants Adnan H. Baiz and Jane Doe Baiz II are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Adnan H. Baiz and Jane Doe Baiz II are owners of Baiz Fresh Foods and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendants Adnan H. Baiz and Jane Doe Baiz II are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Adnan H. Baiz and Jane Doe Baiz II had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Baiz Fresh Foods in relation to the company's employees, Defendants Adnan H. Baiz and Jane Doe Baiz II are subject to individual liability under the FLSA.

15. Defendants Abbas Baiz and Jane Doe Baiz III are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Abbas Baiz and Jane Doe Baiz III are owners of Baiz Fresh Foods and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendants Abbas Baiz and Jane Doe Baiz III are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Abbas Baiz and Jane Doe Baiz III had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the

interest of Baiz Fresh Foods in relation to the company's employees, Defendants Abbas Baiz and Jane Doe Baiz III are subject to individual liability under the FLSA.

17. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18. Defendants, and each of them, are sued in both their individual and corporate capacities.

19. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27. Plaintiff, on information and belief, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

28. Plaintiff, on information and belief, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

29. At all relevant times, on information and belief, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

30. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

31. Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

32. Defendants own and/or operate as Baiz Fresh Foods, an enterprise doing business in Maricopa County, Arizona, that is a local chain of grocery stores.

33. At all relevant times, Plaintiff worked for Defendants in the Phoenix Metropolitan Area.

34. Plaintiff was hired by Defendants and began working in approximately early January 2024.

35. At all relevant times, Plaintiff worked a single shift for Defendants through approximately early January 2024.

36. At all relevant times, Plaintiff worked for Defendants at the Baiz Fresh Foods store located at 1858 West Baseline Road, Mesa, AZ 85202.

37. At all relevant times, in her work for Defendants, Plaintiff worked as a produce section team member for Defendants.

38. Defendants, in their sole discretion, paid, or were supposed to pay, Plaintiff an hourly rate of approximately $15.

39. On information and belief, Plaintiff was supposed to be paid on a biweekly basis.

40. Defendants classified Plaintiff as W-2 employee.

41. In Plaintiff's sole workweek, she worked a single shift of approximately eight hours for Defendants.

42. Defendants did not pay Plaintiff any wages whatsoever for her sole workweek of employment with Defendants.

43. Defendants never paid Plaintiff for sole workweek of employment with them.

44. On or about January 17, 2024, shortly after the end of her employment, Plaintiff contacted her store manager, David (last name unknown), via text message in order to obtain payment for the work she had performed.

45. In the text message exchange between Plaintiff and David (last name unknown), Plaintiff requested that the check be mailed to her home, and she provided a mailing address for Defendants to send the check.

46. On information and believe, the check was never sent to Plaintiff.

47. Plaintiff never received a check from Defendants for the time she suffered or permitted her to perform work for them.

48. Thereafter, Plaintiff continued to reach out to David (last name unknown).

49. In response, David (last name unknown) acknowledged that the check had not been sent but promised that it would be soon.

50. However, on information and belief, that check was never sent.

51. To date, Defendants have still paid no wages whatsoever to Plaintiff for such time worked.

52. As a result of not having paid any wages whatsoever to Plaintiff for her sole workweek of work with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

53. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

54. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, ARS § 23-363.

55. As a result of Defendants' failure to compensate Plaintiff wages due and owing in her penultimate and final workweeks, Defendants violated the AWA, ARS § 23-350, et seq.

56. At all relevant times, in her work for Defendants, Plaintiff was a non-exempt employee.

57. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

58. Plaintiff is a covered employee within the meaning of the FLSA.

59. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

60. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

61. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under ARS § 23-363.

62. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under ARS § 23-355.

# COUNT ONE: FAIR LABOR STANDARDS ACT
# FAILURE TO PAY MINIMUM WAGE

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. As a result of not paying Plaintiff any wage whatsoever for the sole workweek of her employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

65. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

66. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Michelle Paynton, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

67.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.    As a result of not paying Plaintiff any wage whatsoever the sole workweek of her employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

69.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

70.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Michelle Paynton, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT
FAILURE TO PAY WAGES DUE AND OWING
DEFENDANT AMERICAN FRESH FOOD LLC, ONLY**

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. As a result of the allegations contained herein, Defendant American Fresh Food LLC did not compensate Plaintiff wages due and owing to her.

73. Defendant American Fresh Food LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

74. Defendant American Fresh Food LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing to her.

75. Defendant American Fresh Food LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

76. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final bi-weekly pay period of her employment with Defendant American Fresh Food LLC.

77. Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Michelle Paynton, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant American Fresh Food LLC:

A. For the Court to declare and find that the Defendant American Fresh Food LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 14th day of March, 2024.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Michelle Paynton, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.

*Michelle Paynton*
Michelle Paynton