**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Paynton, | No. CV-24-00536-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| American Fresh Food LLC, et al., | |
| Defendants. | |

The court issued a case management order on September 12, 2024. (Doc. 35.) That order provides a specific procedure the parties must follow regarding discovery disputes. (Doc. 35 at 4-5.) The procedure allows the parties to file a joint notice of no more than "two pages per party, explaining the position taken by each party." (Doc. 35 at 5.) On January 10, 2025, plaintiff Michelle Paynton filed a discovery dispute notice. (Doc. 38.) In that statement Paynton claimed defendants had "declined to participate in the discovery dispute process" and the notice contained only her position. (Doc. 38 at 1.)

On January 14, 2025, the court ordered defendants to file a statement "explaining their refusal to provide discovery responses and their refusal to cooperate in the submission of the notice of discovery dispute." (Doc. 39.) That statement was due no later than January 21, 2025. Defendants did not file a statement. On January 27, 2025, the court ordered defendants and their counsel "file statements explaining why they should not be sanctioned based on their failure to comply with the court's January 14 order." (Doc. 40 at 2.) Those statements are due on February 6, 2025.

1       After the court issued its January 27, 2025, order, defendants filed a "Response to

2   Plaintiff's Statement of Discovery Dispute." (Doc. 42.) That response is approximately

3   five pages—well over the court's two-page limit—and consists mostly of defendants

4   complaining Paynton is "over-litigating this case." (Doc. 42 at 1.) Defendants go on to

5   complain "there is no law school class taught on how to use the telephone" and plaintiff's

6   counsel should not send emails but instead dial "ten digits on a telephone touchtone to

7   handle the matter by phone." (Doc. 42 at 4.) Defendants' complaint regarding the content

8   of law school classes is strange given that law school classes presumably *do* cover the need

9   to comply with court orders. *See United States v. United Mine Workers of Am.*, 330 U.S.

10  258, 293 (1947) ("[A]n order issued by a court with jurisdiction over the subject matter

11  and person must be obeyed by the parties until it is reversed by orderly and proper

12  proceedings."). And so far, defendants have violated the court's case management order

13  by not complying with the applicable discovery dispute procedures and the court's January

14  14 order by failing to file a statement by the deadline.[1]

15      Now that defense counsel is participating in the case, the parties must confer by

16  telephone regarding their discovery disputes. If they are unable to reach an agreement, they

17  may file a renewed discovery dispute statement in compliance with the court's procedures.

18      Accordingly,

19      **IT IS ORDERED** no later than **February 7, 2025**, the parties shall confer by

20  telephone regarding their discovery disputes. The **February 6, 2025**, deadline for

21  defendants and their counsel to file a statement regarding sanctions remains in place.

22      Dated this 30th day of January, 2025.

23

24

25                               **Honorable Krissa M. Lanham**

26                               **United States District Judge**

27

28  ---

[1] The record also shows defendants violated the court's case management order by not providing their initial disclosures by the court-ordered deadline of September 26, 2024. Defendants provided their initial disclosures on October 18, 2024. (Doc. 38-1 at 2-3.)

- 2 -