**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Paynton, | No. CV-24-00536-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| American Fresh Food LLC, et al., | |
| Defendants. | |

On September 15, 2025, plaintiff Michelle Paynton filed a motion to strike defendants' answer based on their refusal to participate in discovery. (Doc. 55.) Defendants did not respond to that motion. Because defendants' recent behavior is only the latest in a long pattern of obstructive actions, the motion to strike is granted.

In September 2024, the court issued a scheduling order requiring the completion of discovery by July 25, 2025, and the filing of dispositive motions by September 26, 2025. (Doc. 35.) There were no further developments until January 10, 2025, when Paynton filed a notice of discovery dispute. (Doc. 38.) In that notice, Paynton argued defendants had refused to provide discovery responses and refused to cooperate in the submission of the discovery dispute notice. The court ordered defendants to file a response no later than January 21, 2025, explaining their behavior. (Doc. 39.) Defendants ignored that order.

On January 27, 2025, the court issued a second order requiring defendants respond to the discovery dispute notice. But the court also ordered "[d]efendants and their counsel, Ryan James Lorenz, [to] file statements explaining why they should not be sanctioned

based on their failure to comply" with the court's initial order requiring a response. (Doc. 40.) Defendants then filed two responses.

Defendants' first response addressed the discovery dispute. (Doc. 42.) Defendants argued Paynton was "overlitigating this case" and complained Paynton's counsel had sent emails regarding the discovery issues instead of using the telephone. (Doc. 42 at 2-3.) Based on that response, the court ordered the parties to confer and file a renewed statement if they could not resolve the disputes. (Doc. 43.) Defendants' second response addressed the issue of sanctions. (Doc. 45.) In that response defendants continued to complain Paynton's discovery requests were excessive and Paynton's counsel had behaved inappropriately by refusing to call defense counsel. (Doc. 45 at 2.) Defendants explained sanctions were not appropriate because the response deadline had been missed due to a calendaring error. (Doc. 45 at 3-4.) On February 7, 2025, the court issued an order stating no sanctions would be imposed. (Doc. 46 at 1.)

The parties appeared to be pursuing discovery after that February order. But on July 18, 2025, Paynton requested an extension of the deadline to complete depositions because defense counsel was refusing to cooperate in scheduling a deposition. (Doc. 50.) The court granted the extension and ordered the parties to confer within three days to schedule the deposition. The court also warned defendants "that their noncompliance with this order may result in sanctions, including the striking of their answer and entry of default judgment." (Doc. 51 at 1.) The court ordered defendants to file a statement no later than July 25, 2025, confirming they had conferred with Paynton's counsel, and a deposition date had been scheduled. (Doc. 51 at 2.) It appears the parties subsequently conferred but defendants failed to file a statement as ordered.

On August 18, 2025, Paynton filed another motion to extend the deadline to complete depositions. (Doc. 53.) That motion explained the parties had conferred after the July 18 order but neither that conferral nor additional attempts to schedule a deposition had been successful. The court granted Paynton an extension until October 3, 2025, to take the deposition. (Doc. 54.)

On September 15, 2025, Paynton filed a motion to strike the answer or an order to show cause requiring defendants explain why their answers should not be stricken. (Doc. 55.) According to Paynton, defense counsel continues to ignore requests to schedule a deposition of a witness defense Paynton believes is crucial to her claims. As of the date the motion was filed, defense counsel had stopped responding to Paynton's counsel.

"A court must consider the following five factors before striking a pleading or declaring default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (simplified). These factors establish striking the answers is appropriate.

Throughout this case, defendants and their counsel have refused to cooperate in discovery. Defendants refused to submit a joint discovery dispute, ignored an order calling for their position on discovery disputes, failed to comply with an order requiring they confer and identify a deposition date, stopped responding to Paynton's counsel, and failed to respond to the motion seeking to strike their answers. Defendants' behavior is delaying resolution of this case and requiring unusual court intervention. The public's interest in expeditious resolution of litigation and the court's need to manage its docket both weigh heavily in favor of striking the answers. Striking the answers is further supported by the prejudice Paynton will suffer in attempting to prove her claims without defendants' participation in discovery. As in every case, the public policy favoring disposition on the merits weighs against striking the answers. But there is no viable path forward without defendants' cooperation. And there are no viable lesser sanctions than striking the answers given that defendants have abandoned this case.

On balance, the factors support striking the answers and allowing Paynton to seek default judgment.

/

/

**IT IS ORDERED** the Motion to Strike (Doc. 55) is **GRANTED**. The answers (Doc. 25, 26) are **STRICKEN**. The Clerk of Court shall enter the defaults of all defendants except for John Doe Corporations I – XX which are dismissed without prejudice.

**IT IS FURTHER ORDERED** plaintiff shall file a motion for default judgment no later than **October 20, 2025**.

Dated this 6th day of October, 2025.

*/s/ Krissa M. Lanham*
**Honorable Krissa M. Lanham**
**United States District Judge**