**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Michelle Paynton**, | No. 2:24-cv-00536-KLM |
| Plaintiffs, | |
| vs. | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS** |
| **American Fresh Food LLC**, et al., | |
| Defendants. | |

Pursuant to the Federal Rules of Civil Procedure 55, Plaintiff, Michelle Paynton

("Plaintiff" or "Michelle Paynton"), respectfully requests that the Court enter judgment

by default against Defendants American Fresh Food LLC, Hussein H. Baiz and Jane Doe

Baiz, Adnan H. Baiz and Jane Doe Baiz II, Abbas Baiz and Jane Doe Baiz III, Greenfield

Foods LLC, H A & A Investments LLC, and H&A Management LLC ("Defendants").

**I.    Procedural History.**

Plaintiff filed her Complaint seeking unpaid minimum wages under the Fair Labor

Standards Act ("FLSA") and unpaid minimum wages and unpaid wages under the

Arizona Minimum Wage Act ("AMWA") and the Arizona Wage Act ("AWA"),

respectfully, against Defendants on March 14, 2024.  (Doc. 1).  Defendants American

Fresh Food LLC, Hussein H. Baiz and Jane Doe Baiz, Adnan H. Baiz and Jane Doe Baiz

II, and Abbas Baiz and Jane Doe Baiz III filed their Answer on June 7, 2024.  (Doc. 15).

Thereafter, on June 12, 2024, Plaintiff filed her First Amended Complaint ("FAC"),

which named additional Defendants Greenfield Foods LLC, H A & A Investments LLC,

and H&A Management LLC.  (Doc. 17).  Defendants American Fresh Food LLC, Abbas

Baiz, and Jane Doe Baiz III filed their Answer to the FAC on June 26, 2024.  (Doc. 25).

Defendants Greenfield Foods LLC, H A & A Investments LLC, H&A Management LLC,

Hussein H. Baiz and Jane Doe Baiz, and Adnan H. Baiz and Jane Doe Baiz II filed their

Answer to the FAC on July 8, 2024.  (Doc. 26).

Amidst certain discovery disputes, failures by Defendants to respond to certain

motions filed by Plaintiff, and failure by Defendants to respond to certain Orders issued

by the Court, on October 7, 2025, the Court granted Plaintiff's Motion to Strike

Defendants' Answer and Allow Plaintiff to Apply for Default.  (Doc. 56).  In doing so,

the Court struck Defendants' Answers, (*id.*), and the Clerk entered Default against all

Defendants the same day.  (Doc. 57).  As such, Defendants are now in Default.  Plaintiff

now seeks default judgment against Defendants.  In support of this request, Plaintiff

relies upon the record in this case, text messages between Plaintiff and the manager or

supervising authority who hired her, and a declaration submitted that was previously

drafted in support of a forthcoming motion for summary judgment.

## II.    Legal Standard

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Once a party has been defaulted, a court may enter a default judgment.  Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Televideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient."  *Elektra Entrnm't Group v. Bryant*, No. 03-6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004).  In determining damages, the Court can properly rely on declarations submitted by the Plaintiff.  Fed. R. Civ. P 55(b)(2).

## III.    Argument

### A.    Plaintiff has Met the *Eitel* Factors

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment.  Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts,

1
2
(6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

3
### 1.    Possibility of Prejudice to the Plaintiff.

4
5
6
7
8
9
10
The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id.* Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of her claims, and it would be without other recourse of recovery. *See generally Elektra Entm't Group, Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005).

11
12
13
14
15
16
17
By virtue of their default, Defendants have admitted the allegations of the Complaint. Defendants have declined to address the currently entered default against them and have essentially to participate in discovery or this litigation. Because Defendants are refusing to participate in this litigation, a default judgment stands as Plaintiff's only remaining act of recourse in this matter. This factor weighs heavily in favor of default judgment.

18
### 2.    The Merits of the Claim and the Sufficiency of the Complaint

19
20
21
22
The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

23
24
25
26
27
As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918. As such, all Defendants qualify as Plaintiff's employers, (FAC, Doc. 17, at ¶¶ 8-28), and her allegations must be taken true. This factor also weighs heavily in favor of Plaintiff.

### 3.    The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at

stake in relation to the seriousness of Defendant's conduct."  *Pepsico*, 238 F.Supp.2d at

1176.

Plaintiff does not have complete time or pay records in her possession, and

Defendants have not produced complete and exact time records for Plaintiff as a result of

their refusal to participate in this matter.  The failure by an employer to keep and

maintain adequate and accurate records for its employees violates the FLSA and 29

C.F.R. § 516's strict recordkeeping requirements.  *See also* 29 C.F.R. §§ 516.2, 516.5,

and 516.6.  The 9th Circuit has held that an employer's lack of recordkeeping cannot be

used to "penalize the employee by denying him recovery on the ground that he is unable

to prove the precise extent of uncompensated work."  *Brock v. Seto*, 790 F.2d 1446, 1448

(9th Cir. 1986), *quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). In

*Anderson*, the Supreme Court held,

> When the employer has kept proper and accurate records the employee may easily
> discharge his burden by securing the production of those records. But where the
> employer's records are inaccurate or inadequate and the employee cannot offer
> convincing substitutes a more difficult problem arises. The solution, however, is
> not to penalize the employee by denying him any recovery on the ground that he is
> unable to prove the precise extent of uncompensated work. Such a result would
> place a premium on an employer's failure to keep proper records in conformity
> with his statutory duty; it would allow the employer to keep the benefits of an
> employee's labors without paying due compensation as contemplated by the Fair
> Labor Standards Act. In such a situation we hold that an employee has carried out
> his burden if he proves that he has in fact performed work for which he was
> improperly compensated and if he produces sufficient evidence to show the
> amount and extent of that work as a matter of just and reasonable inference. The
> burden then shifts to the employer to come forward with evidence of the precise
> amount of work performed or with evidence to negative the reasonableness of the

> inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson*, 328 U.S. at 687-88. Here, the documentation Plaintiff has in her possession is sparse; however, the only reliable evidence available to deduce Plaintiff's hours worked are Plaintiff's estimates as well as certain text message communications between Plaintiff and the manager or individual with supervisory authority who hired her, Daoud "David" Aboukhalil, Declaration of Michelle Paynton, attached as "**Exhibit A**," Text Messages Between Michelle Paynton and Daoud "David" Aboukhalil, "**Exhibit 1**." Further, under Arizona law, Defendant's lack of records raises the rebuttable presumption that they did not pay Plaintiff at least the required minimum wage. A.R.S. § 23-364(D).

Defendants own and operate a chain of grocery stores in Maricopa County, Arizona that operate under the name of Baiz Fresh Foods (or something similar). FAC (Doc. 17), at ¶ 9. Plaintiff's lawsuit surrounds the single shift she worked for Defendants at the Baiz Fresh Foods grocery store, which is located at or near 1858 West Baseline Road, Mesa, Arizona 85202 (the "Mesa Location"). Complaint (Doc. 1); Ex. A, at ¶ 3. On January 15, 2024, Plaintiff walked into the Mesa Location and asked a female cashier if the Mesa Location was hiring. *Id.* At ¶ 4. The female who Plaintiff spoke with stated she would ask the manager whether the Mesa Location was hiring and thereafter paged a manager over the intercom. *Id.* At ¶¶ 5-6. Shortly thereafter, an individual approached Plaintiff and introduced himself to her as David, though Plaintiff since learned that his true name is Daoud Aboukhalil. *Id.* At ¶¶ 6-7. In that moment, Plaintiff introduced herself to Mr. Aboukhalil, asked if the Mesa Location was hiring, and stated to him that

she was a good worker.  *Id.* At ¶ 7.  In response, Mr. Aboukhalil instructed Plaintiff to fill out a paper application and stated he would look it over.  *Id.* At ¶ 8.  Thereafter, Mr. Aboukhalil showed Plaintiff where the applications were, and she asked him to borrow a pen, which he provided to Plaintiff before walking away to handle another matter.  *Id.* At ¶ 9.

Plaintiff thereafter completed and submitted the application and provided it to Mr. Aboukhalil, and, after determining Plaintiff's availability, he instructed Plaintiff to show up at 6:00 a.m. the next day, January 16, 2024, and stated that her rate of pay would be $15 per hour.  *Id.* At ¶ 10.  Before Plaintiff left, she provided Mr. Aboukhalil with her identification and social security card.  *Id.* At ¶ 11.

On January 16, 2024, Plaintiff arrived at 5:30 a.m., and began what would be her first and only shift working for Defendants at 6:00 a.m.  *Id.* At ¶ 12.  As recounted in her Declaration, she spent approximately four hours, 36 minutes performing work and training until she went on break and decided she no longer wished to work for Defendants.  *Id.* At ¶¶ 12-18.

At approximately 12:25 p.m. that day, Mr. Aboukhalil sent a text message to Plaintiff stating, "Hello Michelle this is David from Baiz Market. They told me you went for a break then you not come back. !!"  *Id.* at Ex. 1.

In response, Plaintiff stated, "Hi David I tried to call the store. I'm sorry thank you for giving me a chance but I just don't think that job is for me. I'm absolutely exhausted. Is there any way you could just mail me the money for today's worth of pay.  6am to 1036am thank you…Let me know if you need my mailing address."  *Id.*

The next day, after not receiving a response the day before, Plaintiff sent another text message to Mr. Aboukhalil, stating, "The next pay period you guys have if you could just mail me the paycheck for that day's worth of pay for those few hours that would be great thank you." *Id.*

In response, Mr. Aboukhalil stated, "It will be with the next pay roll please send me your mailing address." *Id.* Thereafter, Plaintiff provided her mailing address. *Id.*

Fifteen days later, Planintiff sent a follow-up text message to Mr. Aboukhalil, which stated, "Hi David it's Michelle I was wondering if the check ever got sent out I never received anything I could really use the money." *Id.* In response, Mr. Aboukhalil texted to Plaintiff "Not yet the checks not signed yet we process biweekly." *Id.* In response, Plaintiff stated, "Okay I get you paid bi-weekly but I texted you last on January 16th isn't that a little longer than biweekly at least since I've worked there last." *Id.* In response, Mr. Aboukhalil stated, "Yes today is the time of signing." *Id.* In response, Plaintiff stated, "Okay so it should be sent out today then and I should receive it in the mail a couple of days from today correct." *Id.* Thereafter, Mr. Aboukhalil did not respond to Plaintiff's efforts to be paid, despite Plaintiff's having reached out another three times via text message. *Id.*

Ultimately, Plaintiff worked for Defendants for a single shift in her sole workweek of employment on January 16, 2024. Ex. A, at ¶ 3. Plaintiff's regular rate of pay was supposed to be $15 per hour. *Id.* At ¶ 10. In Plaintiff's sole workweek, she estimates she worked approximately four hours, 36 minutes. *Id.* At ¶ 20. She was not paid any wage whatsoever for such time. *Id.* At ¶ 25. Defendants' failure to pay Plaintiff for her sole

workweek resulted in Plaintiff incurring damages for unpaid minimum wages.  *See generally* Ex. A.

As discussed above, Plaintiff worked approximately 4 hours, 36 minutes (or 4.6 hours) in her sole workweek of employment.  *Id.* At ¶ 26.  At 4.6 hours, Plaintiff's unpaid federal minimum wages for that week are $33.35 ($7.25 * 4.6).  *Id.* At ¶ 27.  At 4.6 hours, Plaintiff's unpaid Arizona minimum wages for that week are $66.01 ($14.35 * 4.6).  *Id.*

With regard to her regular rate of pay, Plaintiff's unpaid wage damages for her sole workweek are $69 ($15 * 4.6).  *Id.* At ¶ 28.

In summary, the following are Plaintiff's unpaid minimum and regular wages for her sole workweek, based on her reasonable estimates of time worked and the supporting evidence:

| Federal Minimum Wage | $33.35 |
|---|---|
| Arizona Minimum Wage | $66.01 |
| Regular Rate | $69 |

### 4.    The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage.  *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D Cal. Jan. 15, 2009).  The fifth *Eitel* factor weighs in favor of default.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### 5.    Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect.  *Eitel*, at 1471-72.  The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer."  *Meadows v. Dominical Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendants have actual notice of the filing of the action.  Defendants have hired counsel who has participated to a material extent in this matter, despite having consistently ignored the mandates of the Court and motions filed by Plaintiff.  See Order Granting Motion to Strike (Doc. 56).  Therefore, the default was not due to excusable neglect, and the sixth factor weighs in favor of default judgment.

### 6.    The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered."  *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004).  Courts have concluded that "this factor does not weigh very heavily."  *Id*.

As shown above, Defendants have counsel and have been aware of the lawsuit for the majority of its duration.  They have declined to reasonably participate in it.  The Court struck Defendants' Answers on October 7, 2025, as a sanction for Defendants' failure to cooperate.  Therefore, Plaintiff has met all of the *Eitel* factors, and the Court should enter default judgment against Defendants American Fresh Food LLC, Hussein H.

-10-

Baiz and Jane Doe Baiz, Adnan H. Baiz and Jane Doe Baiz II, Abbas Baiz and Jane Doe Baiz III, Greenfield Foods LLC, H A & A Investments LLC, and H&A Management LLC.

**B.     The Court Should Grant a Liquidated Damages Award**

The FLSA provides that any employer who violates the minimum or overtime wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (9th Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); *see also Fontes v. Drywood Plus, Inc.* No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013).  Double damages are the norm and single damages are the exception.  *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003).

In addition, the AMWA requires liquidated damages be awarded in "an amount equal to twice the underpaid wages."  Arizona Revised Statutes ("A.R.S.") § 23-364(G).

In addition, the AWA provides that "if an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages."  A.R.S. § 23-355(A).

Considering the foregoing, Plaintiff's various damages, fully liquidated, but exclusive of attorneys' fees and costs, are:

1

### i.    Federal Minimum Wage Liquidated Damages

2    Plaintiff's federal minimum wage damages of $33.35 must be doubled under 29

3    U.S.C. § 216(b) to $66.70.  This amount should be assessed against all Defendants,

4    American Fresh Food LLC, Hussein H. Baiz and Jane Doe Baiz, Adnan H. Baiz and Jane

5    Doe Baiz II, Abbas Baiz and Jane Doe Baiz III, Greenfield Foods LLC, H A & A

6    Investments LLC, and H&A Management LLC, jointly and severally.

7

8

### ii.    Arizona Minimum Wage Liquidated Damages

9    Plaintiff's Arizona minimum wage damages of $66.01 must be trebled under

10    A.R.S. § 23-364(G) to $198.03.  Because this amount engulfs Plaintiff's federal

11    minimum wage damages, $198.03 is the appropriate total minimum wage award.  This

12    amount should be assessed against all Defendants, American Fresh Food LLC, Hussein

13    H. Baiz and Jane Doe Baiz, Adnan H. Baiz and Jane Doe Baiz II, Abbas Baiz and Jane

14    Doe Baiz III, Greenfield Foods LLC, H A & A Investments LLC, and H&A Management

15    LLC, jointly and severally.

16

17

18

### iii.    Plaintiff's Unpaid Regular Wages Should Be Trebled.

19    Plaintiff's unliquidated unpaid wages total $69, inclusive of unpaid regular wages,

20    and should be trebled to $207 under A.R.S. § 23-355.  Because this amount engulfs

21    Plaintiff's minimum wage damages, $207 is the appropriate total unpaid wages award.

22    This amount should be assessed against Defendants American Fresh Food LLC,

23    Greenfield Foods LLC, H A & A Investments LLC, and H&A Management LLC.

24    Considering the foregoing, Plaintiff should be awarded total damages in the

25    amount of $207 in unpaid wages.

26

27

Of that $207, $198.03 (consisting of $198.03 in trebled unpaid minimum wage damages) should be awarded against all Defendants – American Fresh Food LLC, Hussein H. Baiz and Jane Doe Baiz, Adnan H. Baiz and Jane Doe Baiz II, Abbas Baiz and Jane Doe Baiz III, Greenfield Foods LLC, H A & A Investments LLC, and H&A Management LLC, jointly and severally – exclusive of attorneys' fees and costs, which both the FLSA and AMWA required, to be discussed in the following section. 29 U.S.C. § 216(b); *see also* A.R.S. § 23-364.

The remaining $8.97 in unpaid non-minimum wage damages should be awarded against Defendants American Fresh Food LLC, Greenfield Foods LLC, H A & A Investments LLC, and H&A Management LLC. A.R.S. § 23-355

**C.    Plaintiff is Entitled to Recover Attorneys' Fees and Costs**

Plaintiff is entitled to his attorneys' fees and costs pursuant to 20 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *See Orozco v. Borenstein*, 2013 WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory.").

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The District of Arizona has recognized that, where the filing

1    of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a

2    judgment–, that plaintiff becomes the prevailing party and entitled to fees.  *Orozco v.*

3    *Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013).  If the Court enters

4    default judgment, Plaintiff will be the prevailing party for purposes of 29 U.S.C § 216(b)

5    and entitled to his attorneys' fees and costs.  Pursuant to LRCiv 54.2, Plaintiff will file a

6    motion for attorneys' fees following any award of a default judgment.

7

8    **IV.     Conclusion**

9            Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of

10   Plaintiff and against Defendants American Fresh Food LLC, Hussein H. Baiz and Jane Doe

11   Baiz, Adnan H. Baiz and Jane Doe Baiz II, Abbas Baiz and Jane Doe Baiz III, Greenfield

12   Foods LLC, H A & A Investments LLC, and H&A Management LLC, individually and

13   collectively, as follows:

14           Against Defendant American Fresh Food LLC, Greenfield Foods LLC, H A & A

15   Investments LLC, and H&A Management LLC in the amount of $207;

16           Against Defendants American Fresh Food LLC, Hussein H. Baiz and Jane Doe

17   Baiz, Adnan H. Baiz and Jane Doe Baiz II, Abbas Baiz and Jane Doe Baiz III, Greenfield

18   Foods LLC, H A & A Investments LLC, and H&A Management LLC, jointly and

19   severally, in the amount of $198.03 in unpaid minimum wage damages;

20           Plaintiff further requests that the Court allow her to file a motion for attorneys' fees

21   and costs following the award of a default judgment.

22

23

24

25

26

27

-14-

1    Plaintiff further requests that these amounts be augmented further by post-judgment

2    interest pursuant to 28 U.S.C § 1961 and costs and attorneys' fees incurred by Plaintiff in

3    the collection of the amounts awarded herein.

4    RESPECTFULLY SUBMITTED this 7th Day of October 2025.

5    BENDAU & BENDAU PLLC

6

7    /s/ *Clifford P. Bendau, II*
     Clifford P. Bendau, II
8    Christopher J. Bendau
     Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-15-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th Day of October, 2025, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.  A copy of the foregoing was also sent via First Class Mail to the following:

Ryan J. Lorenz
CLARK HILL
14850 N. Scottsdale Rd., Ste. 500
Scottsdale, AZ 85254

*Counsel for All Defendants*

/s/ *Clifford P. Bendau, II*

-16-