**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Paynton, | No. CV-24-00536-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| American Fresh Food LLC, et al., | |
| Defendants. | |

This case involves, at most, approximately $200 in damages based on plaintiff Michelle Paynton allegedly working 4.6 hours for defendants. Defense counsel's choice to participate in this case only sporadically led to the court striking defendants' answer, entering their defaults, and Paynton applying for default judgment. (Doc. 59.) Defendants now seek to set aside their defaults, claiming the present record "is nowhere near the willful disobedience" that would merit striking their answers. (Doc. 62 at 6.) The record, however, shows repeated refusals by defense counsel to comply with court orders. The court gives defendants one final opportunity to litigate this case, but defense counsel must show cause why he should not be sanctioned in the form of the additional attorneys' fees incurred as a result of his repeated obstructive behavior.

## BACKGROUND

Paynton filed her complaint on March 14, 2024. The complaint alleged Paynton worked a few hours on a single day for defendants and was never paid. (Doc. 1 at 8.) There were early disputes regarding service of process and, on May 17, 2024, plaintiffs applied

for entry of default against some of the defendants. (Doc. 10.) Those defaults were entered a few days later. (Doc. 11.) On June 7, 2024, defense counsel Ryan Lorenz filed a motion to set aside the defaults. (Doc. 13.) That motion indicated Lorenz was not paying close attention to the case but also suggested, both in tone and substance, that Lorenz would be extraordinarily aggressive and difficult in litigating this case.

The motion began by seeking to vacate the default of three defendants, including American Fresh Food LLC. (Doc. 13.) Paynton had not sought, and the court had not entered, the default of American Fresh Food. (Docs. 10, 11.) Lorenz did not explain why he was seeking relief regarding an imaginary default. The motion to set aside the defaults then proceeded with over-the-top accusations against Paynton and her counsel. According to Lorenz, plaintiff's counsel had agreed to an extension of time for defendants to respond to the complaint but plaintiff's counsel then reneged on that agreement. Lorenz described this behavior as "inexplicable, at best, and the most deplorable form of unprofessional attorney behavior, at worse." (Doc. 13 at 2.) Lorenz claimed plaintiff's counsel was "trying to cheat their way to a win" and the "polar opposite" of "a smart litigant." (Doc. 13 at 3-4.) Lorenz also seemed to argue the entire case was baseless and stated "[a] motion for summary judgment is forthcoming." (Doc. 13 at 4.) No such motion was ever filed.

Plaintiff's counsel filed a response arguing Lorenz had misrepresented matters, but Paynton did not oppose setting aside the defaults. (Doc. 16.) The court set aside the defaults but cautioned counsel that "personal attacks and finger-pointing" would not be tolerated. (Doc. 22 at 1.) Defendants filed answers and the parties filed their Rule 26(f) Case Management Report. (Doc. 25, 26, 34.) In the Rule 26(f) report, defendants again stated some defendants would "soon move for summary judgment." (Doc. 34 at 4.) No motion was filed. On September 12, 2024, the court issued a scheduling order requiring the completion of discovery in July 2025 and dispositive motions in September 2025. (Doc. 35.) The parties then attempted to engage in discovery.

On January 10, 2025, Paynton filed a first notice of discovery dispute. (Doc. 38.) Paynton did so unilaterally because Lorenz allegedly "declined to participate in the

discovery dispute process." (Doc. 38 at 1.) The court waited until January 14, 2025, to see if Lorenz would file anything, but he did not. The court ordered Lorenz to respond to the discovery dispute statement by January 21, 2025. (Doc. 39.) Lorenz did not file anything by that date. On January 27, 2025, the court issued a second order for Lorenz to respond to the discovery dispute. The court also ordered Lorenz to show cause why he should not be sanctioned. (Doc. 40.) In that order, the court warned Lorenz and defendants "that continued failure to comply with court orders will result in sanctions," possibly including "the striking of the answer[s] and entry of default judgment." (Doc. 40 at 1.)

Lorenz eventually filed a response to the discovery dispute, although he chose to ignore a previous court order outlining the permissible length of such submissions. (Doc. 42.) As with his earlier motion to set aside default, Lorenz's response to the discovery dispute contained melodramatic rhetoric that fell significantly below acceptable standards of behavior. The response argued Paynton was "overlitigating this case" and based on the amount of wages at stake "almost any amount of spending on attorneys' fees is wasted money." (Doc. 42 at 2.) Lorenz also argued that having been "given an opportunity to litigate," plaintiff's counsel "will drill to the center of the Earth to run up fees." (Doc. 42 at 3.) Lorenz then seemed to argue that Paynton was not entitled to discovery on her "sub-$100 claim." (Doc. 42 at 3.) According to Lorenz: "Reality check. It is not worth it." (Doc. 42 at 3.) Finally, Lorenz went on a lengthy tirade about the failure of law schools to teach lawyers "how to use the telephone." (Doc. 42 at 3.) Plaintiff's counsel had sent emails regarding discovery matters but Lorenz apparently prefers to speak by phone. Thus, Lorenz was outraged he had received "Zero" phone calls regarding the discovery that was the subject of the dispute. (Doc. 42 at 3.)

On January 30, 2025, the court issued an order criticizing Lorenz's behavior and instructing the parties to confer to see if they could reach an agreement on the discovery dispute. (Doc. 43.) The court also reminded Lorenz that he had not yet provided any explanation for ignoring multiple court orders and his explanation was due on February 6, 2025. (Doc. 43.) Lorenz viewed his explanation as yet another chance to lament the lack

of phone calls from plaintiff's counsel. (Doc. 45 at 2.) As for his failure to comply with the court's order to respond to the discovery dispute by a specific day, Lorenz explained his assistant was to blame for miscalendaring the deadline. (Doc. 45 at 4.) While ostensibly accepting personal responsibility, Lorenz included internal emails with his assistant allegedly to prove his assistant "acknowled[ed] the omission." (Doc. 45 at 3.)

The day after Lorenz filed his response, the court issued an order stating it would take no further action regarding Lorenz's failures. (Doc. 46.) The court documented that Lorenz had promised discovery responses by December 4, 2024, but did not produce those responses. Lorenz had also ignored six emails from plaintiff's counsel regarding the untimely discovery responses. (Doc. 46 at 1.) But the court merely reminded both parties to cooperate in the submission of discovery disputes and stated neither party was free "to ignore discovery-related communications." (Doc. 46 at 1.)

On July 18, 2025, Paynton applied for an extension of time to complete discovery. (Doc. 50.) Paynton explained Lorenz claimed to represent a crucial non-party witness but was allegedly refusing to cooperate in scheduling that witness's deposition. The court granted the discovery extension and instructed the parties to confer within three days to schedule the deposition. (Doc. 51 at 1.) Defendants were ordered to "file a statement confirming they have complied with this order" to confer. (Doc. 51 at 1.) And defendants were warned, yet again, that they were at risk of sanctions, including possibly "the striking of their answer and entry of default judgment." (Doc. 51 at 1.) The parties were able to confer but could not agree on a deposition date. Lorenz ignored the court's order to file a statement requiring he identify the agreed-upon deposition date.

On August 18, 2025, Paynton filed another motion to extend the discovery deadline to allow her to take the non-party's deposition. (Doc. 53.) The court granted that extension, allowing up until October 3, 2025, to take the deposition. (Doc. 54.) On September 15, 2025, Paynton filed a motion to strike the answers. That motion argued Lorenz had been difficult throughout the entire case and had failed to respond to recent attempts to schedule the non-party's deposition. (Doc. 55.) The response to that motion was due September 29,

2025. Lorenz did not file a response. To be clear, Paynton moved to strike the answers—an unusual and significant request—yet no response was filed. It is not clear why Lorenz concluded no response was necessary, and under Local Rule 7.2(i), the court could have summarily granted the motion.

Instead of summarily granting, on October 7, 2025, the court issued an order recounting the history of this case and concluding defendants' behavior (through Lorenz) merited striking the answers. As explained in that order:

> Defendants refused to submit a joint discovery dispute, ignored an order calling for their position on discovery disputes, failed to comply with an order requiring they confer and identify a deposition date, stopped responding to Paynton's counsel, and failed to respond to the motion seeking to strike their answers. Defendants' behavior is delaying resolution of this case and requiring unusual court intervention.

(Doc. 56 at 3.) The answers were stricken and defendants' defaults entered. (Doc. 58.) Paynton was instructed to apply for default judgment by October 20, 2025.

Strangely, the order granting the motion to strike the answers prompted Lorenz to file an opposition to the motion. That opposition offered no explanation why it was untimely, nor did it acknowledge that the motion had already been granted. (Doc. 58.) But in terms of substance, the opposition lamented—in the same fashion as Lorenz's prior laments—that everything could have been solved by phone calls. (Doc. 58 at 3.) Lorenz then concluded Paynton and her counsel actually "do[] not want to take [the non-party's] deposition." (Doc. 58 at 3.) Instead, Paynton and her counsel are just hoping to produce "a discovery fight [and] to waste more of the court's time." (Doc. 58 at 3.) Lorenz requested "the court deny the instant motion"—the motion that had already been granted—and allow the deposition to proceed on a date chosen "unilaterally" by Lorenz. (Doc. 58 at 4.) The court ignored the untimely response.

On October 20, 2025, Paynton applied for default judgment. That motion seeks an award of treble damages totaling $198.03. (Doc. 59.) Lorenz waited the full fourteen days to file an opposition. That opposition reflects Lorenz misunderstood the appropriate basis to oppose a motion for default judgment. Once defendants' defaults were entered, "the

- 5 -

factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Despite that, Lorenz's opposition focuses on disputing the underlying facts, claiming there is evidence that might controvert Paynton's allegations. The opposition indicated Lorenz knew a motion to set aside the defaults was needed, as the opposition stated such a motion was "imminently being filed." (Doc. 60 at 6.) The opposition later stated the motion to set aside the defaults was being "contemporaneously filed." (Doc. 60 at 6.) But Lorenz's promised motion to set aside the defaults was not filed then and Paynton filed her reply in support of default judgment. (Doc. 61.)

On December 9, 2025, Lorenz finally decided to file a motion to set aside the defaults. (Doc. 62.) That filing came two months after Lorenz described the motion as "imminent[]." Unsurprisingly, Lorenz's fixation regarding the telephone makes an appearance in his motion to set aside the defaults. (Doc. 62 at 4) ("**_counsel never picked up the phone to discuss_**" discovery matters). And the motion also returns to Lorenz's refrain that this litigation is inappropriate. He describes the entire case as an attempt "to extort a settlement" and a "shakedown." (Doc. 62 at 4, 6.) The support he offers for this is a settlement offer that would require payment of Paynton's full wages and her attorneys' fees and costs. Lorenz does not explain why this qualifies as a "shakedown." Paynton filed an opposition to the motion to set aside defaults, but Lorenz chose not to file a reply. (Doc. 65.)

**ANALYSIS**

Paynton seeks default judgment while defendants request the court set aside their defaults and allow for litigation to resume. The striking of the answers and entry of defaults was appropriate at the time. After all, Lorenz did not even oppose the motion to strike the answers. And failing to oppose the motion to strike the answers was only Lorenz's latest failure at the time. Based on the present record, proceeding with default judgment would be merited. But Lorenz claims defendants wish to defend on the merits and based on the strong policy favoring resolving cases on the merits, the more prudent course is to set aside

the defaults. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) ("doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits"). This does not mean Lorenz's behavior has been acceptable and he must show cause why he should not be sanctioned.

A court may "order an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (quoting 28 U.S.C. § 1927). The court also has "the ability to fashion an appropriate sanction," such as an award of attorneys' fees, "for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (simplified). Lorenz must show cause why he should not be sanctioned in form of an award of attorneys' fees to Paynton for the following:

1) Failing to participate in the submission of the January 10, 2025, discovery dispute;
2) Failing to file a response as required by the court's January 14, 2025 order;
3) Filing an impermissibly lengthy response on January 27, 2025;
4) Failing to cooperate in setting the non-party's deposition as evidenced in the motions filed on July 18, 2025, and August 18, 2025;
5) Failing to respond to the motion to strike;
6) Filing an untimely opposition to the motion to strike after the motion was granted;
7) Opposing the motion for default judgment on inapplicable legal basis;
8) Unprofessional language throughout this case, including the accusation that Paynton and counsel were trying "to cheat their way to a win" (Doc. 13 at 3-4) and arguing Paynton's counsel "will drill to the center of the Earth to run up fees" over a claim that "Reality check . . . is not worth it." (Doc. 42 at 3.).

The only remaining discovery that must be completed is the deposition of the non-

1. party. The parties must confer and agree upon a date certain for that deposition between February 4, 2026, and February 13, 2026. Once they agree, they must file a joint statement identifying the date and the court will issue an order requiring the deposition proceed on that date. If the parties cannot agree on a date, the joint statement may include no more than two proposed dates from each side. The court will then select from those dates and issue an order requiring the deposition on that date. Once set, the deposition will not be rescheduled. After the deposition, the case will be ready for dispositive motions or to proceed to trial.

Defendants and Lorenz are warned this is their final opportunity to avoid default judgment. Failure to participate in good faith in the remainder of this litigation will result in the court once again striking the answers and entering default judgment.

**IT IS ORDERED** the Motion for Default Judgment (Doc. 59) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Set Aside Defaults (Doc. 62) is **GRANTED**. The answers previously stricken (Docs. 25, 26.) are **REINSTATED**.

**IT IS FURTHER ORDERED** no later than **February 4, 2026**, the parties shall file a joint statement identifying an agreed-upon date for the remaining deposition, or two proposed dates from each side. All proposed dates must be between February 4 and February 13, 2026.

**IT IS FURTHER ORDERED** dispositive motions shall be filed no later than **February 20, 2026**. No extensions of this deadline will be granted. If no dispositive motions are filed, no later than **February 23, 2026**, the parties shall file a joint statement identifying the expected length of trial.

/
/
/
/
/
/

**IT IS FURTHER ORDERED** no later than **February 13, 2026**, attorney Ryan James Lorenz shall show cause why he should not be sanctioned for the behavior outlined above. Paynton may file a response to Lorenz's response no later than **February 20, 2026**. No reply is allowed.

Dated this 2nd day of February, 2026.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge